J-A22008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS M. SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER W. BARTO | |
| Appellant | No. 240 MDA 2020 |

Appeal from the Judgment Entered February 3, 2020
In the Court of Common Pleas of Lycoming County
Civil Division at No: CV-2018-0001541-QT

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

CONCURRING MEMORANDUM BY STABILE, J.:  **FILED NOVEMBER 16, 2020**

I concur in the decision to affirm the judgment, but I respectfully submit that we should affirm on different grounds.  The majority concludes that the trial court improperly granted *nunc pro tunc* leave to file a Rule 1925 statement ("Concise Statement") because there were no extraordinary or non-negligent circumstances that supported such a grant.  I submit that it is improper for us to review the circumstances, as the trial court was without jurisdiction to grant *nunc pro tunc* relief.

The Rules of Appellate Procedure strictly limit the actions a trial court can take following an appeal.  The Rules provide that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . ., the trial court . . . may no longer proceed further in the matter."  Pa.R.A.P. 1701(a).  There are several exceptions to this general rule, including an exception that after an

appeal, "the trial court . . . may . . . [t]ake any action directed or authorized by an appellate court." Pa.R.A.P. 1701(b)(5).

In civil cases as here, the Rules do not permit an appellant to ask the trial court for leave to file a Concise Statement *nunc pro tunc* after an appeal has been taken. Instead, the Rules require an appellant to ask an appellate court for such permission. **See** Pa.R.A.P. 1925(c)(2) ("Upon application of the appellant and for good cause shown, **an appellate court** may remand in a civil case for the filing *nunc pro tunc* of a [Concise] Statement . . .") (emphasis added). This rule, read together with Rule 1701, leaves no doubt that trial courts lack jurisdiction in civil cases to entertain motions for leave to file Concise Statements *nunc pro tunc* once an appeal is taken. Only appellate courts have such jurisdiction. If a proper application is filed with an appellate court demonstrating good cause, an appellate court may grant *nunc pro tunc* relief to permit an appellant to file a concise statement with the trial court and for the trial court then to file a supplemental opinion. Pa.R.A.P. 1925(c).

In this case, on February 5, 2020, Appellant filed a notice of appeal to this Court. On February 6, 2020, the trial court ordered Appellant to file a Concise Statement within 21 days, or by February 27, 2020. Appellant failed to file a Concise Statement by this deadline. Two weeks after the deadline, on March 12, 2020, Appellee filed an application in this Court seeking quashal of the appeal due to Appellant's failure to file a Concise Statement. On March 13, 2020, in response to Appellee's application, Appellant filed a motion **in the trial court** for leave to file a Concise Statement *nunc pro tunc* and

attached a proposed Concise Statement. Appellant failed to file any application in this Court demonstrating good cause to request that we remand for the filing of a *nunc pro tunc* Concise Statement. Nevertheless, on March 24, 2020, the trial court entered an order "accept[ing]" the Concise Statement "*nunc pro tunc*, as if timely filed."

The trial court violated Rules 1701 and 1925, and acted beyond its jurisdiction, by entertaining (and granting) Appellant's motion for leave to file a Concise Statement *nunc pro tunc* while Appellant's civil appeal was pending in this Court. Consequently, we should treat the trial court order granting *nunc pro tunc* relief as a legal nullity and conclude that Appellant waived all issues by failing to file a timely Concise Statement. Since the trial court was without jurisdiction to entertain the *nunc pro tunc* motion and no application for such relief was made to this Court, we need not, as the majority has done, consider whether Appellant established good cause to permit a *nunc pro tunc* filing with the trial court. Appellant has waived all issues on appeal and upon that basis, the trial court's judgment should be affirmed.

For these reasons, I respectfully concur.